**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

In Re: Michael Friedlander,

Case No. 18-22882

**CHAPTER 13 PLAN**
SHL

Debtor

SSN xxx-xx-1042    SSN xxx-xx-

-------------------------------------------------------------------x

## PART 1. DEFINITIONS AND NOTICES

**1.1 Plan Definitions**: If this is a joint case, use of the term "Debtor" shall also mean Debtors. The term "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure. The term "Form Plan" refers to this court's Local Chapter 13 Model Plan. The term "Local Rule" shall refer to the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the Southern District of New York. The term "Petition" refers to Debtor's bankruptcy petition filed with the Court on June 7, 2018. The term "Plan" refers to this chapter 13 plan. The term "Real Property Used as a Principal Residence" includes cooperative apartments. The term "Trustee" shall always refer to the Chapter 13 Standing Trustee for this Court, or the substitute therefor.

**1.2 Debtor must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked "does," the Debtor must serve this Plan on any affected party in interest pursuant to Bankruptcy Rule 7004. Failure to serve the Plan pursuant to Bankruptcy Rule 7004 whenever required may render the provision ineffective. If an item is checked as "does not" or if both boxes are checked, the provision will be ineffective if set out later in the Plan.**

In accordance with Bankruptcy Rule 3015.1, this Plan:

☒ does / ☐ does not contain any nonstandard provision (See Part 8 herein for any non-standard provision);

☒ does / ☐ does not limit the amount of a secured claim based on valuation of the collateral for the claim (See Part 3 herein);

☒ does / ☐ does not avoid a security interest or lien (See Part 3 herein);

☐ does / ☒ does not request loss mitigation (See Part 8 herein).

**1.3 Notice to Debtor:** This Form Plan sets out options that may be appropriate in some cases, but the presence of an option on the Form Plan does not indicate that the option is appropriate in your circumstances. To be confirmable, this Plan must comply with the Bankruptcy Code, the Bankruptcy Rules, judicial rulings, and the Local Rules.

☐ By checking this box, Debtor acknowledges that he/she is not eligible for a discharge pursuant to 11 U.S.C. § 1328(f). [Prior Case number:          petition date: Click or tap to enter a date.

discharge date in prior case: Click or tap to enter a date.          ].

☒ This is an Amended or Modified Plan. The reasons for filing this Amended or Modified Plan are:

to provide for surrender of real property located at 14 Powderhorn Way, Tarrytown, NY in full satisfaction of claims.

**1.4 Notice to Creditors:** If you oppose the Plan's treatment of your claim **or any provision of this Plan**, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. This includes objections to valuations of collateral, motions to avoid junior mortgage and judicial liens, and surrender provisions.

Pursuant to Bankruptcy Rule 3015(g), "any determination in the Plan made under [Bankruptcy] Rule 3012 about the amount of a secured claim is binding on the holder of the claim, even if the holder files a contrary proof of claim or the Debtor schedules that claim [differently], and regardless of whether an objection to the claim has been filed."

This Plan shall be binding upon its confirmation. You should read this Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one who practices bankruptcy law.

The Bankruptcy Court may confirm this Plan without further notice if no objection is filed. *See* Bankruptcy Rule 3015.

## PART 2: PLAN PAYMENTS AND DURATION

**2.1** The Debtor's future earnings are submitted as provided in the Plan to the supervision and control of the Trustee. Debtor will make the first Plan payment no later than thirty (30) days after the date the Petition was filed. The Debtor shall make [ 60 ] monthly payments to the Trustee as follows:

| Amount | How Many Months? |
|---|---|
| $625.00 | 60 |
| $ | |
| $ | |

☐ Debtor's annual commitment period is 36 months and Debtor moves to extend to 60 months for the following reasons: (*check all that apply*)

☐ Debtor is not able to propose a feasible plan in a period of less than 60 months. Debtor's proposed monthly payment will constitute an affordable budget that the Debtor will be able to maintain.

☐ Payments greater than that proposed by this Plan for 60 months would create an economic hardship for the Debtor.

☐ Creditors will not be prejudiced by this application for extension of Debtor's Plan payments from 36 to 60 months.

### 2.2 Regular payments

Regular Plan payments to the Trustee will be made from future income in the following manner:
*Check all that apply*

☒ Debtor will make payments directly to the Trustee.

☐ Debtor will make payments through any entity from whom the Debtor receives income, pursuant to a payroll deduction order 11 U.S.C. § 1325(c). Upon checking the box for a payroll deduction order, Debtor *shall submit to the Court a separate order* directing Debtor's employer to deduct the Plan payments from Debtor's wages. Debtor also agrees to notify the Trustee immediately upon change or termination of employment.

☐ Non-Debtor contributor will make the following monthly payments to the debtor, who will send payment to the Trustee:

| Amount | How Many Months? |
|---|---|
| $ | |
| $ | |
| $ | |

### 2.3 Income Tax Refunds

All future tax refunds in excess of $1500 per individual Debtor (less any cash exemptions in the Plan's first year, if applicable) **shall be paid to the Trustee** for the duration of the Plan. The Debtor shall provide the Trustee with all income tax returns through the full performance of the Plan.

### 2.4 Irregular Payments  *Check one.*

☒ None. If "None" is checked, the rest of subsection 2.4 need not be completed or reproduced.

☐ Debtor will make irregular payment(s) to the Trustee from other sources, as specified below.

| Source | Estimated Amount | Date of Payment (Anticipated) |
|---|---|---|
| | $ | Click or tap to enter a date. |
| | $ | Click or tap to enter a date. |

**2.5 Payment Terms**

The Debtor will pay the amounts payable to the Trustee by electronic transfer of funds or bank check, certified check, teller's check, or money order sent directly to the Chapter 13 Trustee. See http://www.access13.com/site/

## PART 3: TREATMENT OF SECURED CLAIMS

**3.1 Definitions:** For the purposes of this subsection, any reference to the term "Secured Creditor" means lienholder mortgagees, a creditor whose interest is secured by a mortgage on Debtor's real property, including Real Property Used as a Principal Residence; a holder and/or authorized servicer of a claim secured by a lien, mortgage and/or deed of trust; and/or any other similarly situated creditor, servicing agent and/or their assigns. The term "Lien" shall include references to mortgages, liens, deeds of trust and any other similarly situated interests in the Debtor's real or personal property. The term "Prepetition Arrearages" shall refer to an outstanding monetary default with respect to, or that gave rise to, a Lien prior to the Petition date. The term "Post-Petition Payment" means payment that first becomes due and payable by the Debtor to the Secured Creditor after the filing of the Petition.

**3.2 Maintenance of payments and cure of default, if any.**

*Check one.*

    ☒ None

    ☐ The Debtor will maintain the current contractual installment payments on the secured claims listed below with any changes required by the applicable contract and noticed in conformity with applicable rules. These payments will be disbursed directly by the Debtor. The Debtor shall keep a complete record of all Debtor's payments under the Plan. However, any existing Prepetition arrearage on a timely filed secured claim will be paid in full through disbursements by the Trustee, with interest, if any, at the rate stated below. Confirmation of this Plan shall impose an affirmative duty on the Secured Creditor and Debtor to do all the following as ordered:

**(a) Post-Petition Payments.**

Debtor shall pay the following Post-Petition payments directly to the Secured Creditor listed below during the pendency of the Plan:

| Secured Creditor & Property Description | Payment Amount | Payment Timing | Address Where Post Petition Payments Will be Sent |
|---|---|---|---|
| | $ | | |
| | $ | | |
| | $ | | |

**(b) Prepetition Arrearages.**

    (i) For purposes of this Plan, Prepetition Arrearages shall include all sums included in the allowed secured claim and shall have a "0" balance upon entry of the discharge order in this case. In the event that a Secured Creditor listed in this section fails to timely file a proof of claim in this case, the Debtor may file a claim on the Secured Creditor's behalf, pursuant to 11 U.S.C. § 501(c), before the applicable bar date.

    (ii) No interest will be paid on Prepetition Arrearages unless otherwise stated herein.

    (iii) Payments made by the Trustee on Debtor's Prepetition Arrearages shall be applied only to those Prepetition Arrearages and not to any other amount owed by Debtor to the Secured Creditor.

    (iv) Information Regarding Prepetition Arrearages:

| Secured Creditor | Property Description | Property Address | Value of Collateral | Valuation Method | PrePetition Arrearage Amount | Arrearage Owed as of Date |
|---|---|---|---|---|---|---|
| | | | $ | | $ | |
| | | | $ | | $ | Click or tap to enter a date. |

    (v) If the Trustee pays the amount(s) specified in Part 3.2(b) (iv) (above), and the Debtor makes all required Post-Petition Payments as specified in Part 3.2(a), any default with respect to a Lien, including a Lien on Real Property Used as a Principal Residence will be cured, extinguishing any right of the Secured Creditor to recover any amount alleged to have arisen prior to the filing of Debtor's Petition.

**(c) Adequate Protection.**

If applicable, adequate protection of a Secured Creditor's interest in property shall be provided as follows: *[describe and provide the basis for calculation, or state not applicable]*

Any such payments shall be applied by the Secured Creditor to its allowed secured claim.

**(d) Return and/or Reallocation of Distribution Payment Made to Secured Creditor.**
If a Secured Creditor withdraws its claim, the sum allocated herein towards the payment of the Secured Creditor's claim shall be distributed by the Trustee to Debtor's remaining creditors, as provided herein. If the Secured Creditor has received monies from the Trustee (Distribution Payment) and returns those monies to the Trustee, the monies returned shall be distributed to the Debtor's remaining creditors, as provided herein. If this Plan repays creditors in full, then such returned monies will be paid to the Debtor.

**3.3 Surrender**
*Check one. If you check a box other than "None" you will have to serve this Plan pursuant to Bankruptcy Rule 7004.*
☐ None.
☒ Debtor surrenders the following property and upon confirmation of this Plan or as otherwise ordered by the Court, bankruptcy stays are lifted for all purposes as to the collateral to be surrendered. Every Secured Creditor with a Lien on surrendered property shall file a deficiency claim within 60 days of notice of such surrender if it disagrees with the Plan's statement of the deficiency claim below. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 6 below.

**(a) If the property being surrendered is real property located in New York State, check one of the following boxes.**

Upon confirmation, Debtor intends to:
(i) ☒ Cease making payments to the Claimant and continue residing at the Property until a court orders Debtor to vacate
(ii) ☐ Vacate the premises and make Claimant liable for all maintenance on the Property, pursuant to New York RPAPL §1308.

| Claimant | Property to be Surrendered | Creditor holding senior lien; or otherwise identify by interest | Value of Collateral | Amount of Deficiency Claim to be Paid as Unsecured |
|---|---|---|---|---|
| Select Portfolio Servicing, Inc. | 14 Powderhorn Way, Tarrytown, NY 10591 | N/A | $985000.00 | $35,265.14 |
|  |  |  | $ | $ |
|  |  |  | $ | $ |

**3.4 Wholly unsecured Liens**
*Check one. If you check a box other than "None" you will have to serve this Plan pursuant to Bankruptcy Rule 7004.*
☒ None.
☐ Debtor requests that the Court value the collateral in the amount listed below, avoid the following Liens as wholly unsecured, and reclassify any timely claim filed as unsecured. As stated in Bankruptcy Rule 3012(c): "Request to determine amount of government's secured claim must be by motion or in a claim objection after the government files a proof of claim or after the time for filing a claim expires." *Attach appraisal of property to this Plan. The Debtor shall submit an order avoiding the Lien upon confirmation of the Plan or the Court's separate determination of the request whichever is earlier.*

| Creditor Name | Collateral Description | Collateral Value | Lien Identification | Amount of Senior Lien(s) |
|---|---|---|---|---|
|  |  | $ |  | $ |
|  |  | $ |  | $ |

**3.5 Request for valuation of security/Bifurcation of Liens** *[Not applicable to Real Property Used as a Principal Residence or property listed under Section 3.6 of this Plan]. Check one. If you check a box other than "None" you*

*will have to serve this Plan pursuant to Bankruptcy Rule 7004.* As stated in Bankruptcy Rule 3012(c): "Request to determine amount of government's secured claim must be by motion or in a claim objection after the government files a proof of claim or after the time for filing a claim expires."

☒ None.

☐ The Debtor requests that the court determine the value of the secured claims listed below. The portion of any allowed claim that exceeds the amount of the collateral securing the claim will be treated as an unsecured claim under Part 6 of this Plan. The holder of any claim listed below as having value in the column headed *"Amount of secured claim"* (a) will retain its Lien on the property of the estate until such time as the earlier of (i) payment in full, or (ii) the Plan is performed; and (b) will retain its Lien on non-estate property. *Attach appraisal of property as an exhibit to this Plan. The Debtor shall submit an order voiding the Lien upon confirmation of the Plan or the Court's separate determination of the request, whichever is earlier.*

| Creditor Name, Property Address, & Description | Amount of Senior Liens After Value of Collateral | Value of Collateral | Debt Amount Outstanding | Amount Secured Claims | At interest rate | Trustee shall pay arrearages in Amount |
|---|---|---|---|---|---|---|
| | $ | $ | $ | $ | % | $ |
| | $ | $ | $ | $ | % | $ |
| | $ | $ | $ | $ | % | $ |
| | $ | $ | $ | $ | % | $ |

## 3.6 Secured Claims excluded from 11 U.S.C. § 506

*Check one.*

☒ None.

☐ The claims listed below were either: (1) incurred within 910 days before the Petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor; or (2) incurred within 1 year of the Petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the Plan with interest at the rate stated below. These payments will be disbursed either by the Trustee or directly by the Debtor, as specified below. The final column indicates payments to be disbursed only by the Trustee rather than by the Debtor.

| Creditor Name | Collateral | Claim Amount | Monthly Plan Payment | Interest Rate | Payment Disbursed by Trustee or Debtor | Total Payment by Trustee |
|---|---|---|---|---|---|---|
| | | $ | $ | % | Choose an item. | $ |
| | | $ | $ | % | Choose an item. | $ |
| | | $ | $ | % | Choose an item. | $ |
| | | $ | $ | % | Choose an item. | $ |

## 3.7 Judicial Lien Avoidance

*Check one. If you check a box other than "None" you will have to serve this Plan pursuant to Bankruptcy Rule 7004.*

☒ None.

☐ Entire Lien is avoided. Any timely filed claim by Claimant shall be an unsecured claim in the amount of $

☐ A portion of the Lien is avoided. Any timely filed claim of Claimant shall be a secured claim in the amount of $    at interest rate of    % and an unsecured claim in the amount of $   .

Calculation of Lien Avoidance

| Claimant Name | Collateral | Value of Debtor Interest in Property (attach appraisal as exhibit to this Plan) | Nature of Exemption | Value of Exemption Claimed on Schedule C | Lien Identification | Amount of all Liens with Priority over this Lien | Remaining Equity Securing Lien |
|---|---|---|---|---|---|---|---|
| | | $ | | $ | | $ | $ |
| | | $ | | $ | | $ | $ |
| | | $ | | $ | | $ | $ |
| | | $ | | $ | | $ | $ |
| | | $ | | $ | | $ | $ |
| | | $ | | $ | | $ | $ |
| | | $ | | $ | | $ | $ |
| | | $ | | $ | | $ | $ |
| | | $ | | $ | | $ | $ |
| | | $ | | $ | | $ | $ |

**The Debtor shall submit an order voiding the Lien upon confirmation of the Plan or the Court's separate determination of the request, whichever is earlier.**
**http://www.nysb.uscourts.gov/sites/default/files/522_f_formorder.docx**

### 3.8 Miscellaneous Provisions

(i) Secured Creditors with a security interest in the Real Property Used as a Principal Residence shall comply with all provisions of Bankruptcy Rule 3002.1.

(ii) If relief from the automatic stay is ordered as to any item of collateral listed in this Part, then, unless otherwise ordered by the Court, all timely filed secured claims based on a Lien on that collateral will no longer be treated by the Plan and all payments under this Part of the Plan on such secured claims shall cease.

## PART 4 TREATMENT OF FEES AND PRIORITY CLAIMS

### 4.1 General

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in subsection 4.5, will be paid in full without post-Petition interest.

### 4.2 Trustee's fees

Trustee's fees will be no more than 10% of Plan payments.

### 4.3 Attorney's fees

Counsel for the Debtor has received a Prepetition flat fee to be applied against fees and costs incurred. Fees and costs exceeding the flat fee shall be paid from funds held by the Trustee as an administrative expense after application to and approval by the Court, pursuant to 11 U.S.C. § 330(a)(4) and Bankruptcy Rule 2016.

Total Amount of flat fee charged: $10000.00 (subject to review under 11 U.S.C § 329).
Amount of flat fee paid Prepetition: $5000.00
Remainder of flat fee to be paid through Plan, if any: $5000.00

### 4.4 Unsecured Domestic Support Obligations.

Does Debtor have a Domestic Support Obligation?    Yes ☐   No ☒.  If yes, then complete the following:

Debtor shall remain current on all such obligations that come due after filing the Petition. Unpaid obligations incurred before the Petition date are to be cured by the following Plan payments.

| Creditor Status (e.g. child, spouse, former spouse, domestic partner) | PrePetition Arrearages |
|---|---|
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |

## 4.5 Other Unsecured Priority Claims, including Unsecured Tax Claims.

| Creditor Name | Type of Priority Debt | PrePetition Arrearages | Interest Rate |
|---|---|---|---|
| NYS Dept. of Tax & Finance | Taxes and certain other debts | $1215.81 | 7.5% |
| Interal Revenue Service | Taxes and certain other debts | $6627.55 | 7.5% |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |

## PART 5 EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Pursuant to 11 U.S.C. § 1322(b), Debtor assumes or rejects the following unexpired lease(s) or executory contract(s). For any assumed executory contract or unexpired lease with an arrearage to cure, the arrearage will be cured in the Plan with regular monthly payments to be paid directly to the contract party by the Debtor. The cure amount will be as set forth below, unless an objection to such amount is filed, by the date to object to confirmation to the Plan, in which event, the cure amount shall be fixed by the Court. *If the Plan provides for the assumption or rejection of a contract or unexpired lease, it must be served on the other party to the agreement under Bankruptcy Rule 7004.*

### 5.1 Assumed

| Creditor Name | Address & Property Description | Cure Amount | Cure Calculated Through Date |
|---|---|---|---|
| | | $ | |
| | | $ | Click or tap to enter a date. |
| | | $ | Click or tap to enter a date. |
| | | $ | Click or tap to enter a date. |
| | | $ | Click or tap to enter a date. |
| | | $ | Click or tap to enter a date. |
| | | $ | Click or tap to enter a date. |
| | | $ | Click or tap to enter a date. |

### 5.2 Rejected

| Creditor Name | Address & Property Description | Arrearage Amount | Arrearage Through Date |
|---|---|---|---|
| | | $ | Click or tap to enter a date. |
| | | $ | Click or tap to enter a date. |
| | | $ | Click or tap to enter a date. |
| | | $ | Click or tap to enter a date. |
| | | $ | Click or tap to enter a date. |
| | | $ | Click or tap to enter a date. |
| | | $ | Click or tap to enter a date. |
| | | $ | Click or tap to enter a date. |

**5.3 Post-Petition Payments for Assumed Executory Contracts and Unexpired Leases.**
Debtor shall make the following Post-Petition Payments directly to the Creditor:

| Creditor Name | Address & Property Description | Payment Amount | Payment Timing |
|---|---|---|---|
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |

## PART 6 NONPRIORITY, UNSECURED CLAIMS

**6.1 Allowed nonpriority, unsecured claims shall be paid *pro rata* from the balance of payments made under this Plan.**
**6.2 Separately classified nonpriority unsecured claims**
*Check one.*

    ☒ None.

    ☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| Creditor Name | Basis for separate classification and treatment | Amount to be paid on the claim | Current Installment Payment |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

## PART 7 MISCELLANEOUS
**Debtor must comply with all the applicable requirements of the Bankruptcy Code and Bankruptcy Rules, including, but not limited to, those found in 11 U.S.C. § 521 and Bankruptcy Rules 2015 and 4002, where applicable. This includes a duty to file tax returns and, in certain circumstances, operating reports. Additional information that is useful for filling out this Plan, serving the Plan, and completing the chapter 13 process is available here: http://www.nysb.uscourts.gov/chapter-13-filing-and-plan-information**

## PART 8 LOSS MITIGATION AND NONSTANDARD PROVISIONS
**8.1 Any nonstandard provision must be entered here. If this Part conflicts with any earlier Part except Part 1.2, this Part controls.**

**8.2 Loss Mitigation:**

    ☐ By checking this box and completing this section, the Debtor requests loss mitigation pursuant to Local Rule 9019-2, which governs a court-ordered loss mitigation program, pursuant to which parties may deal with issues such as a loan modification, loan refinance, short sale, or surrender in full satisfaction, concerning the Debtor's Real Property Used as a Principal Residence. *[Identify the property, loan and creditor for which you are requesting loss mitigation]*

The Debtor estimates the value of the Real Property used as Principal Residence to be $
The Debtor hereby permits the Secured Creditor(s) listed above to contact (*check all that apply*):

    ☐ The Debtor directly.

☐ Debtor's bankruptcy counsel.

☐ Other:

Debtor is not required to dismiss this bankruptcy Petition during the loss mitigation discussions. *The Debtor shall submit an order granting loss mitigation if no objections are received within the requisite notice period. See http://www.nysb.uscourts.gov/loss-mitigation and http://www.nysb.uscourts.gov/sites/default/files/ch13DebtorInstructions.pdf*

### 8.3 Sale and Credit Bidding of Real Property.

☐ By checking this box, Debtor intends to sell Real Property having an address of Address of Property to be Sold pursuant to 11 U.S.C. § 363(b). The Real Property is subject to a secured claim held by Name of Creditor to this Plan is the contract of sale, in which Name of Buyer has agreed to pay $ for the collateral. Attach as an exhibit to the Plan the sale contract and any evidence supporting request for relief under 11 U.S.C. § 363(f) and/or (m). Pursuant to 11 U.S.C. § 363(k), the Secured Creditor, Name of Creditor may assert its right to credit bid as part of a timely objection to confirmation and submit a higher and better offer by a time set by the Court. Debtor shall attach an affidavit containing all facts necessary for Court to approve the sale and should be prepared to address the requirements of 11 U.S.C. § 363 at the confirmation hearing. The Debtor shall submit an order approving sale upon confirmation of the Plan or the Court's separate determination of the request, whichever is earlier.

### 8.4 Surrender in Full Satisfaction

☑ By checking this box, Debtor surrenders the following property in full satisfaction of the Secured Creditor's debt. *Attach appraisal or other evidence of the property's value as an exhibit to this Plan.*

| Property to be surrendered | To whom the property will be surrendered |
|---|---|
| 14 Powderhorn Way Tarrytown, NY 10591 | Select Portfolio System |

### 8.5 Surrender and Vesting

☐ By checking this box, title to any collateral surrendered in this Plan automatically vests in the Name of Secured Creditor upon confirmation and the lifting of the automatic stay. Creditor has 60 days from the date of such order to file a deficiency claim. *The Debtor shall submit an order surrendering the collateral and vesting title in the creditor upon confirmation of the Plan or the Court's separate determination of the request, whichever is earlier.*

### 8.6 Additional Non-Standard Provisions

## PART 9 DEBTOR'S SIGNATURE

Dated: July 22, 2019, New York

| /s/Michael Friedlander | |
|---|---|
| Debtor | Joint Debtor |
| 14 Powderhorn Way, Tarrytown, NY 10591 | |
| Debtor Address | Joint Debtor Address |

## PART 10 DEBTOR'S ATTORNEY'S SIGNATURE

| Anne Penachio, Esq. | July 22, 2019 |
|---|---|
| Attorney for Debtor | Date |

Firm Name Penachio Malara, LLP
Attorney Street Address 245 Main Street, Suite 450
Attorney City, State Zip Code White Plains, NY 10601

Attorney Telephone 914-946-2889
Attorney Email anne@pmlawllp.com

**PART 11 CERTIFICATION**

I, the undersigned attorney for the Debtor or Pro se Debtor, hereby certify that the foregoing Plan conforms to the pre-approved Form Plan pursuant to Local Rule 3015-1 of the United States Bankruptcy Court for the Southern District of New York and contains no nonstandard provisions other than those set out in Part 8.

| | |
|---|---|
| Anne Penachio, Esq. | 7/22/2019 |
| Attorney for Debtor or *Pro Se* Debtor | Date |

# APPRAISAL OF



## LOCATED AT:

14 Powder Horn Way
Tarrytown, NY 10591

## CLIENT:

Mike Friedlander
14 Powder Horn Way
Tarrytown, NY 10591

## AS OF:

August 29, 2018

## BY:

Paul S. Schnitta

Mike Friedlander
14 Powder Horn Way
Tarrytown, NY 10591

File Number: 14POW

In accordance with your request, I have appraised the real property at:

14 Powder Horn Way
Tarrytown, NY 10591

The purpose of this appraisal is to develop an opinion of the defined value of the subject property, as improved.
The property rights appraised are the fee simple interest in the site and improvements.

In my opinion, the defined value of the property as of  August 29, 2018                    is:

$985,000
Nine Hundred Eighty-Five Thousand  Dollars

The attached report contains the description, analysis and supportive data for the conclusions,
final opinion of value, descriptive photographs, assignment conditions and appropriate certifications.

*Paul S. Schnitta*

Paul S. Schnitta

# SCHNITTA APPRAISAL CO., INC.
## Residential Appraisal Report

File No. 14POW

The purpose of this appraisal report is to provide the client with a credible opinion of the defined value of the subject property, given the intended use of the appraisal.

**PURPOSE**

Client Name/Intended User Mike Friedlander
E-mail friedlander15Wgmail.com
Client Address 14 Powder Horn Way
City Tarrytown
State NY
Zip 10591
Additional Intended User(s) Penachio Malara, LLP.

Intended Use Market Value

**SUBJECT**

Property Address 14 Powder Horn Way
City Tarrytown
State NY
Zip 10591
Owner of Public Record Michael S & Charlotte Friedlander
County Westchester
Legal Description Block 128 Lot 12
Assessor's Parcel # 2611-001-220-00128-000-0012
Tax Year 2018
R.E. Taxes $ 28,424.00
Neighborhood Name Tarryhill
Map Reference p-3
Census Tract 0114.00
Property Rights Appraised [X] Fee Simple [ ] Leasehold [ ] Other (describe)
My research [ ] did [X] did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
Prior Sale/Transfer: Date na Price na Source(s) na
Analysis of prior sale or transfer history of the subject property (and comparable sales, if applicable) na

**SALES HISTORY**

Offerings, options and contracts as of the effective date of the appraisal na

**NEIGHBORHOOD**

### Neighborhood Characteristics

| | | | One-Unit Housing Trends | | | One-Unit Housing | | Present Land Use % |
|---|---|---|---|---|---|---|---|---|
| Location | [ ] Urban [X] Suburban [ ] Rural | Property Values | [ ] Increasing [X] Stable [ ] Declining | | PRICE | AGE | One-Unit | 90 % |
| Built-Up | [X] Over 75% [ ] 25-75% [ ] Under 25% | Demand/Supply | [ ] Shortage [X] In Balance [ ] Over Supply | | $(000) | (yrs) | 2-4 Unit | 3 % |
| Growth | [ ] Rapid [X] Stable [ ] Slow | Marketing Time | [ ] Under 3 mths [X] 3-6 mths [ ] Over 6 mths | | 700 Low | 0 | Multi-Family | 2 % |
| | | | | | 1,500 High | 150 | Commercial | 5 % |
| | | | | | 950 Pred. | 40 | Other | 0 % |

Neighborhood Boundaries I-287 north,Main St south,Brodaway west, East irvington east.

Neighborhood Description The subject is within close proximity to all support and transportation facilities. Overall appeal and marketability is good.The subject is in the Town of Greenburgh,has a Tarrytown P.O. and is in the Irvington School District. The subject's immediate market area is known as Tarryhill.

Market Conditions (including support for the above conclusions) Values have stabilized. No oversupply and market times are under 6 months if priced and marketed accordingly.

**SITE**

Dimensions 12179sf
Area 12179 Sq. Ft.
Shape Irregular
View Good
Specific Zoning Classification R5
Zoning Description Single Family Residential
Zoning Compliance [X] Legal [ ] Legal Nonconforming (Grandfathered Use) [ ] No Zoning [ ] Illegal (describe)
Is the highest and best use of the subject property as improved (or as proposed per plans and specifications) the present use? [X] Yes [ ] No If No, describe.

| Utilities | Public | Other (describe) | | Public | Other (describe) | Off-site Improvements—Type | Public | Private |
|---|---|---|---|---|---|---|---|---|
| Electricity | [X] | | Water | [X] | | Street Macadam | [X] | |
| Gas | [X] | | Sanitary Sewer | [X] | | Alley None | | |

Site Comments The site is slightly rolling.

**IMPROVEMENTS**

| GENERAL DESCRIPTION | FOUNDATION | EXTERIOR DESCRIPTION materials | INTERIOR materials |
|---|---|---|---|
| Units [X] One [ ] One w/Acc. unit | [ ] Concrete Slab [ ] Crawl Space | Foundation Walls Concrete/Good | Floors HW/Good |
| # of Stories 2 | [X] Full Basement [ ] Partial Basement | Exterior Walls Shingle/Good | Walls Drywall/Good |
| Type [X] Det. [ ] Att. [ ] S-Det/End Unit | Basement Area 840 sq. ft. | Roof Surface Asphalt/Good | Trim/Finish Wood/Good |
| [X] Existing [ ] Proposed [ ] Under Const. | Basement Finish 0 % | Gutters & Downspouts Aluminum/Good | Bath Floor Ceramic/Good |
| Design (Style) Colonial | [X] Outside Entry/Exit [ ] Sump Pump | Window Type Double Hung/Gd. | Bath Wainscot Ceramic/Good |
| Year Built 1969 | | Storm Sash/Insulated Yes/Good | Car Storage [ ] None |
| Effective Age (Yrs) 20 | | Screens Yes/Good | [X] Driveway # of Cars 2 |
| Attic [ ] None | Heating [X] FWA [ ] HW [ ] Radiant | Amenities | Driveway Surface macadam |
| [X] Drop Stair [ ] Stairs | [ ] Other Fuel Gas | [X] Fireplace(s) # 1 | [X] Garage # of Cars 2 |
| [ ] Floor [ ] Scuttle | Cooling [X] Central Air Conditioning | [X] Patio/Deck 1/0 | [ ] Carport # of Cars 0 |
| [ ] Finished [ ] Heated | [ ] Individual [ ] Other | Pool None | [ ] Att. [ ] Det. [X] Built-in |
| Appliances [X] Refrigerator [X] Range/Oven [X] Dishwasher [X] Disposal [X] Microwave [X] Washer/Dryer [ ] Other (describe) | | WoodStove(s) #0 | Fence None | Porch None | Other None | | |

Finished area above grade contains: 8 Rooms 4 Bedrooms 2.1 Bath(s) 2,680 Square Feet of Gross Living Area Above Grade

Additional Features Patio.

Comments on the Improvements The subject is in good condition. No physical or functional inadequacies noted. Utilities were on and working on the date of inspection.



SCHNITTA APPRAISAL CO., INC.
# Residential Appraisal Report

File No. 14POW

| FEATURE | SUBJECT | COMPARABLE SALE NO. 1 | | COMPARABLE SALE NO. 2 | | COMPARABLE SALE NO. 3 | |
|---|---|---|---|---|---|---|---|
| | 14 Powder Horn Way | 22 Powder Horn Way | | 17 Powder Horn Way | | 5 Old Forge Ln | |
| Address Tarrytown, NY 10591 | | Tarrytown, NY 10591 | | Tarrytown, NY 10591 | | Tarrytown, NY 10591 | |
| Proximity to Subject | | 0.04 miles SW | | 0.03 miles NW | | 0.07 miles NE | |
| Sale Price | $ | | $ 989,000 | | $ 890,000 | | $ 970,500 |
| Sale Price/Gross Liv. Area | $ 0.00 sq. ft. | $ 369.03 sq. ft. | | $ 332.21 sq. ft. | | $ 361.72 sq. ft. | |
| Data Source(s) | | HGMLS#4812252; DOM 28 | | HGMLS#4808224; DOM 36 | | HGMLS#4804047; DOM 33 | |
| Verification Source(s) | | Broker/Closed | | Broker/Closed | | Broker/Closed | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing | | Conventional | | Conventional | | Conventional | |
| Concessions | | None | | None | | None | |
| Date of Sale/Time | | 08/08/2018 | | 07/27/2018 | | 06/20/2018 | |
| Location | Good | Good | | Good | | Good | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 12179 Sq.Ft. | 13020 Sq.Ft. | 0 | 11325 Sq.Ft. | 0 | 13015 Sq.Ft. | 0 |
| View | Good | Good | | Good | | Good | |
| Design (Style) | Colonial | Colonial | | RsdRanch | 30,000 | Col/Split | 30,000 |
| Quality of Construction | Good | Good | | Good | | Good | |
| Actual Age | 49+/- Years | 49 | | 45 | | 49 | |
| Condition | Good | Good | | Good | | Good | |
| Above Grade | Total / Bdrms / Baths | Total / Bdrms / Baths | | Total / Bdrms / Baths | | Total / Bdrms / Baths | |
| Room Count | 8 / 4 / 2.1 | 8 / 4 / 2.1 | | 8 / 4 / 2.1 | | 10 / 5 / 3 | -10,000 |
| Gross Living Area | 2,680 sq. ft. | 2,680 sq. ft. | 0 | 2,679 sq. ft. | 0 | 2,683 sq. ft. | 0 |
| Basement & Finished | Full | Full | | None | 10,000 | Full | |
| Rooms Below Grade | Unfinished | Part Finished | -5,000 | None | 0 | Unfinished | |
| Functional Utility | Good | Good | | Good | | Good | |
| Heating/Cooling | Cent /C/Air | Cent /C/Air | | Cent /C/Air | | Cent /C/Air | |
| Energy Efficient Items | None | None | | None | | None | |
| Garage/Carport | 2 Car Garage | 2 Car Garage | | 2 Car Garage | | 2 Car Garage | |
| Porch/Patio/Deck | Patio | Deck | | Deck | | Patio | |
| | 1 F/P | 1 F/P | | 1 F/P | | 2 F/P | -5,000 |
| Net Adjustment (Total) | | ☐ + ☒ - $ | 5,000 | ☒ + ☐ - $ | 40,000 | ☒ + ☐ - $ | 15,000 |
| Adjusted Sale Price | | Net Adj. -0.5% | | Net Adj. 4.5% | | Net Adj. 1.5% | |
| of Comparables | | Gross Adj. 0.5% $ | 984,000 | Gross Adj. 4.5% $ | 930,000 | Gross Adj. 4.6% $ | 985,500 |

Summary of Sales Comparison Approach  All 3 comparables are similar homes in the immediate market area. Comp 1 is adjacent to the subject.
Minor adjustments were made as warranted. The comparables are bracketed before and after adjustments. Most emphasis is placed
on comp 1 and is closely supported by comps 2 and 3.

**COST APPROACH TO VALUE**

Site Value Comments  Land sales are limited in the area.

| | | OPINION OF SITE VALUE ....................................... = $ | 300,000 |
|---|---|---|---|
| ESTIMATED ☐ REPRODUCTION OR ☒ REPLACEMENT COST NEW | | | |
| Source of cost data Marshall Swift | | Dwelling 2,680 Sq. Ft. @ $ 235.00 .... = $ | 629,800 |
| Quality rating from cost service Good Effective date of cost data 08/29/2018 | | Bsmt. 840 Sq. Ft. Sq. Ft. @ $ 75.00 .... = $ | 63,000 |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.) | | patio | 10,000 |
| Marshall Swift utilized in the cost approach. | | Garage/Carport 480 Sq. Ft @ $ 75.00 .... = $ | 36,000 |
| | | Total Estimate of Cost-New ............... = $ | 738,800 |
| | | Less 50 Physical Functional External | |
| | | Depreciation $71,200 = $( | 71,200) |
| | | Depreciated Cost of Improvements ........................ = $ | 667,600 |
| | | "As-is" Value of Site Improvements ........................ = $ | 30,000 |
| | | INDICATED VALUE BY COST APPROACH ........................ = $ | 997,600 |

**INCOME APPROACH TO VALUE**

Estimated Monthly Market Rent $ na  X Gross Rent Multiplier na  = $ na  Indicated Value by Income Approach

Summary of Income Approach (including support for market rent and GRM)  na

Indicated Value by: Sales Comparison Approach $ 985,000  Cost Approach (if developed) $ 997,600  Income Approach (if developed) $ na

Emphasis is placed on the sales comparison approach to value supported by the cost approach. The income approach is not
applicable for one family homes.

This appraisal is made ☒ "as is," ☐ subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed,
☐ subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed ☐ subject to the following:
See Attached Addendum

Based on the scope of work, assumptions, limiting conditions and appraiser's certification, my (our) opinion of the defined value of the real property
that is the subject of this report is $ 985,000  as of 08/29/2018 , which is the effective date of this appraisal.


Produced using ACI software, 800.234.8727 www.aciweb.com
Page 2 of 4
This form Copyright © 2005-2016 ACI Division of ISO Claims Services, Inc., All Rights Reserved.
(gPAR™) General Purpose Appraisal Report 05/2012
GPAR0004_0505202016
Schnitta Appraisal Co., Inc.

### Scope of Work, Assumptions and Limiting Conditions

**Scope of Work** is defined in the Uniform Standards of Professional Appraisal Practice as " the type and extent of research and analyses in an assignment." In short, scope of work is simply what the appraiser did and did not do during the course of the assignment. It includes, but is not limited to: the extent to which the property is identified and inspected, the type and extent of data researched, the type and extent of analyses applied to arrive at opinions or conclusions.

The scope of this appraisal and ensuing discussion in this report are specific to the needs of the client, other identified intended users and to the intended use of the report. This report was prepared for the sole and exclusive use of the client and other identified intended users for the identified intended use and its use by any other parties is prohibited. The appraiser is not responsible for unauthorized use of the report.

The appraiser's certification appearing in this appraisal report is subject to the following conditions and to such other specific conditions as are set forth by the appraiser in the report. All extraordinary assumptions and hypothetical conditions are stated in the report and might have affected the assignment results.

1. The appraiser assumes no responsibility for matters of a legal nature affecting the property appraised or title thereto, nor does the appraiser render any opinion as to the title, which is assumed to be good and marketable. The property is appraised as though under responsible ownership.

2. Any sketch in this report may show approximate dimensions and is included only to assist the reader in visualizing the property. The appraiser has made no survey of the property.

3. The appraiser is not required to give testimony or appear in court because of having made the appraisal with reference to the property in question, unless arrangements have been previously made thereto.

4. Neither all, nor any part of the content of this report, copy or other media thereof (including conclusions as to the property value, the identity of the appraiser, professional designations, or the firm with which the appraiser is connected), shall be used for any purposes by anyone but the client and other intended users as identified in this report, nor shall it be conveyed by anyone to the public through advertising, public relations, news, sales, or other media, without the written consent of the appraiser.

5. The appraiser will not disclose the contents of this appraisal report unless required by applicable law or as specified in the Uniform Standards of Professional Appraisal Practice.

6. Information, estimates, and opinions furnished to the appraiser, and contained in the report, were obtained from sources considered reliable and believed to be true and correct. However, no responsibility for accuracy of such items furnished to the appraiser is assumed by the appraiser.

7. The appraiser assumes that there are no hidden or unapparent conditions of the property, subsoil, or structures, which would render it more or less valuable. The appraiser assumes no responsibility for such conditions, or for engineering or testing, which might be required to discover such factors. This appraisal is not an environmental assessment of the property and should not be considered as such.

8. The appraiser specializes in the valuation of real property and is not a home inspector, building contractor, structural engineer, or similar expert, unless otherwise noted. The appraiser did not conduct the intensive type of field observations of the kind intended to seek and discover property defects. The viewing of the property and any improvements is for purposes of developing an opinion of the defined value of the property, given the intended use of this assignment. Statements regarding condition are based on surface observations only. The appraiser claims no special expertise regarding issues including, but not limited to: foundation settlement, basement moisture problems, wood destroying (or other) insects, pest infestation, radon gas, lead based paint, mold or environmental issues. Unless otherwise indicated, mechanical systems were not activated or tested.

This appraisal report should not be used to disclose the condition of the property as it relates to the presence/absence of defects. The client is invited and encouraged to employ qualified experts to inspect and address areas of concern. If negative conditions are discovered, the opinion of value may be affected.

Unless otherwise noted, the appraiser assumes the components that constitute the subject property improvement(s) are fundamentally sound and in working order.

Any viewing of the property by the appraiser was limited to readily observable areas. Unless otherwise noted, attics and crawl space areas were not accessed. The appraiser did not move furniture, floor coverings or other items that may restrict the viewing of the property.

9. Appraisals involving hypothetical conditions related to completion of new construction, repairs or alteration are based on the assumption that such completion, alteration or repairs will be competently performed.

10. Unless the intended use of this appraisal specifically includes issues of property insurance coverage, this appraisal should not be used for such purposes. Reproduction or Replacement cost figures used in the cost approach are for valuation purposes only, given the intended use of the assignment. The Definition of Value used in this assignment is unlikely to be consistent with the definition of insurable Value for property insurance coverage/use.

11. The ACI General Purpose Appraisal Report (GPAR™) is not intended for use in transactions that require a Fannie Mae 1004/Freddie Mac 70 form, also known as the Uniform Residential Appraisal Report (URAR).

Additional Comments Related To Scope Of Work, Assumptions and Limiting Conditions



## Appraiser's Certification

The appraiser(s) certifies that, to the best of the appraiser's knowledge and belief:

1. The statements of fact contained in this report are true and correct.

2. The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are the appraiser's personal, impartial, and unbiased professional analyses, opinions, and conclusions.

3. Unless otherwise stated, the appraiser has no present or prospective interest in the property that is the subject of this report and has no personal interest with respect to the parties involved.

4. The appraiser has no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.

5. The appraiser's engagement in this assignment was not contingent upon developing or reporting predetermined results.

6. The appraiser's compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

7. The appraiser's analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice.

8. Unless otherwise noted, the appraiser has made a personal inspection of the property that is the subject of this report.

9. Unless noted below, no one provided significant real property appraisal assistance to the appraiser signing this certification. Significant real property appraisal assistance provided by:

**Additional Certifications:**

Definition of Value: ☐ Market Value ☐ Other Value: _____
Source of Definition: _____

ADDRESS OF THE PROPERTY APPRAISED:
14 Powder Horn Way
Tarrytown, NY 10591
EFFECTIVE DATE OF THE APPRAISAL: 08/29/2018
APPRAISED VALUE OF THE SUBJECT PROPERTY $ 985,000

**APPRAISER**

Signature: _Paul S. Schnitta_
Name: Paul S. Schnitta
State Certification # 45000005599
or License #
or Other (describe): _____ State #: _____
State: NY
Expiration Date of Certification or License: 11/18/2019
Date of Signature and Report: 09/04/2018
Date of Property Viewing: 08/29/2018
Degree of property viewing:
[X] Interior and Exterior ☐ Exterior Only ☐ Did not personally view

**SUPERVISORY APPRAISER**

Signature: _____
Name: _____
State Certification # _____
or License # _____
State: _____
Expiration Date of Certification or License: _____
Date of Signature: _____
Date of Property Viewing: _____
Degree of property viewing:
☐ Interior and Exterior ☐ Exterior Only ☐ Did not personally view


Produced using ACI software, 800.234.8727 www.aciweb.com
Page 4 of 4
This form Copyright © 2005-2010 ACI Division of ISO Claims Services, Inc., All Rights Reserved.
(gPAR™) General Purpose Appraisal Report 09/2010
GPAR1004_1005a 092010
Schnitta Appraisal Co., Inc.

# ADDENDUM

**Conditions of Appraisal**
I have performed no services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment. The subject is being appraised AS IS, In accordance to USPAP guidelines.

USPAP Definition: Reasonable. Exposure Time: Estimated length of time that the property interest being appraised would have been offered on the market prior to the hypothetical consummation of a sale at market value on the effective date of the appraisal." Exposure time for the subject is approximately three to six months.

No value to personal property has been included in this report.

| Client: Mike Friedlander | | File No.: 14POW |
|---|---|---|
| Property Address: 14 Powder Horn Way | | Case No.: |
| City: Tarrytown | State: NY | Zip: 10591 |



**FRONT VIEW OF
SUBJECT PROPERTY**

Appraised Date: August 29, 2018
Appraised Value: $ 985,000



**REAR VIEW OF
SUBJECT PROPERTY**



**STREET SCENE**

| Client: Mike Friedlander | File No.: 14POW | |
|---|---|---|
| Property Address: 14 Powder Horn Way | Case No.: | |
| City: Tarrytown | State: NY | Zip: 10591 |



**Kitchen**

Comment:



**Living Area**

Description:

Comment:



**Bathroom**

Description:
.1 Bathroom

Comment:

| Client: Mike Friedlander | File No.: 14POW | |
| --- | --- | --- |
| Property Address: 14 Powder Horn Way | Case No.: | |
| City: Tarrytown | State: NY | Zip: 10591 |



Bathroom

Comment:



Bathroom

Comment:



Comment:

| Client: Mike Friedlander | | File No.: 14POW | |
|---|---|---|---|
| Property Address: 14 Powder Horn Way | | Case No.: | |
| City: Tarrytown | State: NY | | Zip: 10591 |



Dining Room

Comment:



Family Room

Comment:
with fireplace



Bedroom

Comment:



Bedroom



Bedroom



Bedroom



Basement
Heating Unit



| Client: Mike Friedlander | | File No.: 14POW | |
|---|---|---|---|
| Property Address: 14 Powder Horn Way | | Case No.: | |
| City: Tarrytown | State: NY | | Zip: 10591 |



**COMPARABLE SALE #1**

22 Powder Horn Way
Tarrytown, NY 10591
Sale Date: 08/08/2018
Sale Price: $ 989,000



**COMPARABLE SALE #2**

17 Powder Horn Way
Tarrytown, NY 10591
Sale Date: 07/27/2018
Sale Price: $ 890,000



**COMPARABLE SALE #3**

5 Old Forge Ln
Tarrytown, NY 10591
Sale Date: 06/20/2018
Sale Price: $ 970,500

## LOCATION MAP

| Client: Mike Friedlander | | File No.: 14POW | |
| --- | --- | --- | --- |
| Property Address: 14 Powder Horn Way | | Case No.: | |
| City: Tarrytown | State: NY | | Zip: 10591 |



## AERIAL MAP

| | |
|---|---|
| Client: Mike Friedlander | File No.: 14POW |
| Property Address: 14 Powder Horn Way | Case No.: |
| City: Tarrytown | State: NY    Zip: 10591 |



# FLOOD MAP

| Client: Mike Friedlander | | File No.: 14POW |
|---|---|---|
| Property Address: 14 Powder Horn Way | | Case No.: |
| City: Tarrytown | State: NY | Zip: 10591 |



Subject
14 Powder Horn Way
Tarrytown, NY 10591

## FLOOD INFORMATION

**Community:** Village of Tarrytown
Property is NOT in a FEMA Special Flood Hazard Area
**Map Number:** 36119C0261F
**Panel:** 0261F
**Zone:** X
**Map Date:** 09-28-2007
**FIPS:** 36119
**Source:** FEMA DFIRM

## LEGEND

 = FEMA Special Flood Hazard Area - High Risk

= Moderate and Minimal Risk Areas

Road View:

 = Forest            = Water

## Sky Flood™

No representation or warranties to any party concerning the content, accuracy or completeness of this flood report, including any warranty of merchantability or fitness for a particular purpose is implied or provided. We also cannot factor differences between map layers and separate from flood zone information at similar location. No liability is accepted by any third party for any use or misuse of this flood map or its data.

License

UNIQUE ID NUMBER
45000005599

State of New York
Department of State
DIVISION OF LICENSING SERVICES

FOR OFFICE USE ONLY
Control No. 102465

PURSUANT TO THE PROVISIONS OF ARTICLE 6E OF THE
EXECUTIVE LAW AS IT RELATES TO R.E. APPRAISERS

EFFECTIVE DATE
MO | DAY | YR
11 | 19 | 17

EXPIRATION DATE
MO | DAY | YR
11 | 18 | 19

SCHNITTA PAUL B
C/O SCHNITTA APPRAISAL CO INC
188 EAST POST RD
WHITE PLAINS, NY  10601

HAS BEEN DULY CERTIFIED TO TRANSACT BUSINESS AS A
R.E. RESIDENTIAL APPRAISER

ROSSANA ROSADO
SECRETARY OF STATE